IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN MEDINA and CATHERINE MEDINA, | : : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | |
| | : | NO. 14-1010 |
| RAND BEERS, Acting Secretary, Department of Homeland Security, *et al.*, | : : : | |
| Defendants. | : : | |

# ORDER

**AND NOW**, this *5th* day of *November*, 2014, upon consideration of the Motion for Summary Judgment and Partial Motion to Dismiss by Defendants Rand Beers, Acting Secretary, Department of Homeland of Security; Jeh Johnson, Secretary of the U.S. Department of Homeland Security; Lori Scialaba, Acting Director of U.S. Citizenship and Immigration Services ("USCIS"); and Evangelia Klapakis, Director of the Philadelphia USCIS District Office (collectively "Defendants") (Docket No. 18), the Response and Cross-Motion for Summary Judgment by Plaintiffs Melvin Medina and Catherine Medina (Docket No. 23), and Defendants' Response (Docket No. 29), it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss Plaintiffs' claims for mandamus relief and under the Due Process Clause is **GRANTED**;

2. Defendants' Motion for Summary Judgment as to the Administrative Procedures Act claim is **DENIED**;

3. Plaintiffs' Motion for Summary Judgment as to the Administrative Procedures Act claim is **GRANTED**;

  4.  This case shall be **REMANDED** to the United States Citizenship and Immigration Service for further proceedings consistent with the accompanying Memorandum Opinion.

  It is **FURTHER ORDERED** that, upon consideration of the Motion for Leave to File Amici Brief on Behalf of the American Immigration Council and Northwest Immigrant Rights Project (Docket No. 27) and Defendants' Response (Docket No. 30), the Motion to File an Amici Brief is **DENIED**.[1]

  It is so **ORDERED**.

                BY THE COURT:


                *s/ Ronald L. Buckwalter*
                RONALD L. BUCKWALTER, S.J.

---

[1] The standards for filing an amicus brief are set out in Federal Rule of Civil Procedure 29. Under Rule 29(a), a private amicus may file if all parties consent or if the court grants leave. Fed. R. Civ. P. 29(a). "When a party objects to filing by a private amicus and leave of court is sought, Rule 29(b) provides that the motion for leave to file must be accompanied by the proposed brief and must state: (1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. Although the Rule does not say expressly that a motion for leave to file should be denied if the movant does not meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance, this is implicit." Neonatology Assoc., P.A. v. C.I.R. 293 F.3d 128, 130–31 (3d Cir. 2002).

  In this case, the proposed amici brief sets forth many of the same arguments that have already been thoroughly discussed in Plaintiffs' Memorandum of Law in Support of its Motion for Summary Judgment and in Response to Defendants' Motion for Summary Judgment. As this Court agrees with Plaintiffs' arguments, consideration of the amici brief would be an exercise in redundancy. Accordingly, the Court denies Amici's Motion for Leave to File and relies solely on the briefs submitted by the parties.